UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARCO HERNANDEZ-HERNANDEZ,<br>Petitioner,<br>v.<br>BRUCE SCOTT, Warden, Northwest ICE Processing Center,<br>Respondent,<br>v.<br>UNITED STATES OF AMERICA,<br>Interested Party. | No. 2:26-CV-02535-SAB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Before the Court is Petitioner's Motion for Reconsideration, ECF No. 8. Petitioner is representing himself in the matter. Respondent is represented by Jennifer Wong.

Petitioner filed his Petition for Writ of Habeas Corpus on July 17, 2026. On July 20, 2026, Respondents filed a Notice of Change in Custody, indicating that Petitioner was transferred out of the district to be staged for removal on July 16, 2026, the day before the Petition was filed.

On August 7, 2026, the Court dismissed Petitioner's Petition for Writ of Habeas Corpus as moot. The dismissal order stated: "A petition for habeas relief becomes moot when the petitioner is no longer in custody, so long as there are no

collateral consequences from the detention that can be addressed by adjudicating the merits of the petition. *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007). As Petitioner is no longer in ICE custody and the only relief he sought was immediate release from custody, his Petition is moot."

Petitioner now requests the Court reconsider its dismissal as he was not removed, has been returned to the Northwest ICE Processing Center, and has continuously been in ICE custody since the filing of his Habeas Petition. He asserts the Court committed manifest error in dismissing the case as he was in ICE custody at the time of dismissal.

Motions for reconsideration are disfavored and are not appropriate if used to revisit issues already addressed by the Court or to advance new arguments that could have been raised in prior briefing. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *American Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). A motion for reconsideration should be granted when a district court: (1) is presented with newly discovered evidence, (2) committed clear error, or (3) if there is an intervening change in the controlling law. *Kona*, 229 F.3d at 890.

Although it may have been more appropriate to have dismissed the case for lack of jurisdiction rather than as moot, the Court's original dismissal was proper. Jurisdiction over a habeas petition attaches at the time the initial petition is filed. *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1989). The Court only has jurisdiction over petitioners that reside in this district, and since Petitioner was transferred out of the district the day before his Habeas Petition was filed, the Court never had jurisdiction. 28 U.S.C. 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

The Court also notes that Petitioner has filed a third Habeas Petition, Case No. 2:26-CV-03293-SAB, which the Court properly has jurisdiction over. The new Petition will be considered in due course.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Motion for Reconsideration, ECF No. 8, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel and pro se Petitioner.

**DATED** this 15th day of October 2026.

Stanley A. Bastian
United States District Judge